UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ABDEL HAMID LECHLECH,            )
              Petitioner,       )
                                )   C.A. No. 04-11359-NMG
       v.                       )
                                )
JOSEPH F. McDONOUGH, SHERIFF    )
OF PLYMOUTH COUNTY,             )
              Respondent.       )

MEMORANDUM AND ORDER

    For the reasons stated below, the petitioner is advised that
this action is subject to dismissal pursuant to Rule 4 of the
Rules Governing Habeas Petitions.  If petitioner wishes to
proceed with this action, he shall, within 42 days of the date of
this order, (1) show good cause, in writing, why this action
should not be dismissed; and (2) pay the $5 filing fee or submit
an Application to Proceed Without Prepayment of Fees and
Affidavit.

BACKGROUND

    On June 16, 2004, petitioner Abdel Hamid Lechlech, an
immigration detainee now detained at the Plymouth County
Correctional Facility, filed a two-page application for federal
writ of habeas corpus under 28 U.S.C. § 2241.  See Petition,
Docket No. 1.

    The petition alleges, among other things, that petitioner is
being indefinitely detained by the Department of Homeland
Security ("DHS") in violation of Zadvydas v. Davis, 533 U .S. 678
(2001) (placing burden on government after alien has been

confined for six months to rebut showing that there is no significant likelihood of removal). Id. Petitioner alleges that he was ordered deported on April 8, 2004, and that he has provided the DHS information needed for obtaining travel documents. Id.

The petitioner failed to sign and date the petition and did not pay the $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees.

DISCUSSION

I. Filing Fee

A party filing a petition for a writ of habeas corpus in this Court must either (1) pay the $5 filing fee for habeas actions or (2) file an application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized form for applications for waiver of the filing fee. Because petitioner has not submitted the $5 filing fee or an application to proceed without prepayment of the filing fee, he will be granted additional time to do so.

II. The Habeas Petition

Although the Court will construe this action under Section 2241, the rules governing Section 2254 cases may be applied at

the discretion of the district court to other habeas petitions.
See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under
Section 2254; Perez v. Hemingway, 157 F. Supp. 2d 790, 795  (E.D.
Mich. 2001).

Under Rule 4(b), the Court is required to examine a
petition, and if it "plainly appears from the face of the motion.
. . that the movant is not entitled to relief in the district
court," the Court "shall make an order for its summary
dismissal."  Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856
(1994) (habeas petition may be dismissed if it appears to be
legally insufficient on its face).  A petition for a writ of
habeas corpus may also be summarily dismissed if it fails to set
forth facts that give rise to a cause of action under federal
law.  28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446
(D. Mass. 1994).

To the extent that petitioner is attempting to state a claim
about the length of his detention and seeks an order of release,
he does not allege the basis for his detention and how long he
has been detained.  In Zadvydas v. Davis, 533 U.S. 678 (2001),
the Supreme Court held that under the Due Process clause, where
an alien has been detained for a post-removal period of
six-months pursuant to the provisions of 8 U.S.C. § 1231(a)(6)
and provides good reason to believe that there is no significant
likelihood of removal in the reasonably foreseeable future, the

3

Government must respond with evidence sufficient to rebut that showing.  Id. at 701.  If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances."  Id. at 699-700.

Here, petitioner does not allege that he has been detained longer than six months and, therefore, the petition does not state a claim under Zadvydas v. Davis, 533 U.S. 678 (2001).

Finally, petitioner failed to sign the habeas petition. Under Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must be signed under the penalty of perjury.  Id.  Additionally, Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading . . . if the party is not represented by an attorney, shall be signed by the party."  See Fed. R. Civ. P. Rule 11(a); see also District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court.").

Because the pleading filed by petitioner does not contain his signature as required by Rule 2, petitioner will be granted additional time to refile the petition with his signature.  The Clerk shall send petitioner a copy of his petition so that he may

4

affix his signature and return to the Court.

CONCLUSION

Based upon the foregoing, petitioner is advised that this action is subject to dismissal pursuant to Rule 4 of the Rules Governing Habeas Petitions.  If petitioner wishes to proceed with this action, he shall, within 42 days of the date of this order, (1) show good cause, in writing, why this action should not be dismissed; (2) affix his signature to his petition and file with the Court; and (3) pay the $5 filing fee or submit an Application to Proceed Without Prepayment of Fees and Affidavit.

The Clerk of Court shall send petitioner (1) an Application to Proceed Without Prepayment of Fees and Affidavit and (2) a copy of his habeas petition.

SO ORDERED.

Dated at Worcester, Massachusetts, this 25th day of June, 2004

Nathaniel M. Gorton

NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE